WALTER T. GORE v. JOHN IZER.

FILED MAY 21, 1902.   No. 11,816.

Commissioner's opinion, Department No. 3.

Conversion: WRONGFUL SALE: DEFENDANT'S CONTROL: KNOWLEDGE
OF PLAINTIFF'S RIGHTS. It is not necessary to the maintenance
of an action for conversion, by reason of the wrongful sale of a
plaintiff's goods, to show that defendant exercised control over
the property with knowledge of the plaintiff's rights, or that a
demand was made for the goods, while they were in defendants
possession. *Pease v. Smith,* 61 N. Y., 477.

ERROR to the district court for Gage county. Tried
below before LETTON, J. *Reversed.*

*W. H. Richards* and *A. H. Babcock,* for plaintiff in
error.

*R. W. Sabin, contra.*

AMES, C.

This is an action for the conversion of a hog of the
alleged value of $13.65. If the hog was converted by the
defendant, there is evidence tending to show that the fact
was accomplished by mistake in this manner: Both par-
ties had a considerable number of animals in the same
enclosure. On the day on which the offense is charged as
having been committed, the defendant shipped his hogs
on board the cars to market. Immediately, at least soon,
thereafter the hog in question was missed. It is not un-
likely that it became mixed with the defendant's hogs,
and was shipped and sold by him without his knowledge,
although he denies that such was the fact, and the evi-
dence bearing upon the point is conflicting. The jury
returned a verdict for the defendant, under the usual
instructions defining conversion as consisting in the un-
lawful disposing of or appropriating to his own use by one

man of the property of another. But the plaintiff asked that the court give also the following instruction:

"The jury are instructed that the conversion of property may be shown by the exercise or control over the same, inconsistent with the right of the owner, and by depriving him of its possession, without regard to the intent with which the act is done. If you find from the evidence that on the 31st day of May, 1898, the defendant had for shipment sixty-five (65) head of hogs, in the stock yards at Liberty, Nebraska, and the plaintiff had sixteen (16) head of hogs, in said yards during said day, and that said hogs became mixed, as defendant was loading his hogs through the chute into the car, and when separated, only fifteen head of hogs were in plaintiff's enclosure and delivered to him, in said separation, and that the defendant loaded the hog described in plaintiff's petition with his hogs on the car, and shipped and sold the same with his hogs and converted the money to his own use, then he is guilty of conversion."

This instruction is criticised for failure to state the number of hogs belonging to the respective parties accurately; but that, we think, is a matter of no importance, It recites correctly a proposition of law which is applicable to a state of facts which the jury might have found from the evidence to have existed. Its equivalent was not given by the court, and we think its refusal was, under the circumstances, erroneous. The jury may not unlikely have inferred from the use of the words "wrongful" and "unlawful" in the pleadings and in the instructions given, that an actually wrongful purpose in the act of taking is an essential element in a conversion. Such is not the law. 2 Greenleaf, Evidence, secs. 636-642; 21 Ency. Pl. & Pr., 1018, and note. *Pease v. Smith,* 61 N. Y., 477; *Spooner v. Manchester,* 133 Mass., 270-273. And we think that in a case like this the plaintiff had a right to have any probable cause for misapprehension by the jury removed by instructions. There are other errors assigned, but we do not think it necessary to decide upon them.

It is recommended that the judgment of the district court be reversed and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED AND REMANDED.